IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WENDY BROOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-52-DWD |
| ) | |
| **FEDEX SUPPLY CHAIN, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On May 19, 2020, Plaintiff Wendy Brooks filed this discrimination lawsuit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Doc. 1-1, p. 1). Plaintiff filed her First Amended Complaint on October 30, 2020 (*Id.* at p. 48). Defendant FedEx Supply Chain, Inc. was served on December 16, 2020 (Doc. 1-1, p. 76), and removed this case to this Court on January 14, 2021 (Doc. 1). Plaintiff brings eight counts against Defendant for alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA"). Counts I, II, V, and VI are claims for sexual harassment/hostile work environment in violation of the IHRA and Title VII, and related retaliation claims based on reporting those sexual harassment/hostile work environment claims. Counts III, IV, VII, and VIII are claims for gender discrimination in violation of the IHRA and Title VII, and related retaliation claims based on reporting those gender discrimination claims.

1

The Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Now before the Court is Defendant's Motion to Dismiss, or in the alternative, to Consolidate[1] (Doc. 9).  Plaintiff timely opposed the Motion (Doc. 14) to which Defendant replied (Doc. 15).  As further detailed below, Defendant's Motion to Dismiss will be granted.

## **The Complaint**

Plaintiff makes the following assertions in her complaint:  Plaintiff is a female employed by Defendant, is qualified for her position, and meeting Defendant's legitimate work expectations (Doc. 1-1, p. 48).  Plaintiff was subjected to continuing sexual harassment and a hostile work environment by her male supervisors and co-workers (*Id.*). Plaintiff was treated differently at work because she was female, and other similarly situated male employees were treated more favorably than Plaintiff (*Id.*, at pp. 49, 52, 55, 58).  Plaintiff complained to her managers and reported the harassment and discrimination to the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), but the harassment, hostile work environment, and discrimination continued (*Id.*, at pp. 49, 53, 55). Defendant took adverse employment actions against Plaintiff (*Id.* at p. 50) and retaliated against

---

[1]As an alternative to dismissal, FedEx originally requested to have this action consolidated with the parties' related case in *Wendy Brooks v FedEx Supply Chain, Inc. and Theodore Singleton*, SDIL Case No. 19-14-DWD (hereinafter "*Brooks I*").  On April 12, 2021, the district court granted Defendant FedEx's motion for summary judgment in this related case. *See Brooks I*, Order at Doc. 106.  As there are no longer any pending claims against Defendant FedEx in *Brooks I*, and Defendant's Motion to Dismiss will be granted, consolidation is inappropriate at this time.

2

Plaintiff for making these reports (*Id.* at pp. 50, 31).  Defendant failed to take reasonable steps in discovering, preventing, and remedying the harassment and hostile work environment (*Id.* at pp. 49, 55).  As a result of Defendant's actions, Plaintiff suffers, and will suffer, from emotional distress and other damages (*Id.* at pp. 49, 51, 55, 57-59).

Plaintiff attached documents from the EEOC and IDHR to her complaint, including a charge of discrimination (EEOC No. 560-2020-00150, IDHR No. 2020SR2636) she filed on or about October 14, 2019 (*Id.* at pp. 62-73)[2].  In the charge, Plaintiff alleged continuing discrimination, harassment, and retaliation from Defendant beginning in August 2018 (*Id.* at pp. 62-63).  Plaintiff claimed she was subjected to numerous sexual harassment and hostile work environment incidents, including physical touching by a male supervisor, Theodore Hamilton, and that she was further discriminated against because of her female gender (*Id.* at p. 63).  Plaintiff reported the harassment and discrimination to her other supervisors and filed a prior EEOC Charge (No. 560-2017-01951)[3], but she continued to be subjected to the harassment and discrimination and was

---

[2] It is appropriate for the Court to consider the factual allegations in these documents at the 12(b)(6) motion to dismiss stage.  Fed. R. Civ. P. 10; *Northern Indiana Gun & Outdoors Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) (reasoning that EEOC charges attached to a complaint become part of the pleadings under Fed. R. Civ. P. 10(c)).

[3] The events at subject in EEOC Charge No. 560-2017-01951 were at issue in *Brooks I* (*Brooks I,* at Doc. 1-1, p. 13).  The Court can take judicial notice of these documents.  *See Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008).  However, Plaintiff's complaint and attached exhibits do not describe in any detail the factual details of EEOC Charge No. 560-2017-01951, and Plaintiff does not incorporate the allegations as alleged in EEOC Charge No. 560-2017-01951 in the instant matter.  Instead, Plaintiff's complaint simply acknowledges that the prior charge was filed (Doc. 1-1, p. 63).

retaliated against through adverse employment actions (*Id.*). The EEOC was unable to conclude that there were any statutory violations and issued a right to sue letter on February 19, 2020 (*Id.* at p. 65). The IDHR dismissed Plaintiff's charge for lack of jurisdiction on August 3, 2020 (*Id.* at p. 69).

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. A plaintiff must provide enough detail "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal citations and markings omitted); *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 466 (7th Cir. 2007). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all

4

well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012); *Gibson*, 910 F.2d at 1521. At the Rule 12(b)(6) stage, a district court may consider exhibits attached to the complaint. *Thompson v. Ill. Dept. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

Plaintiff brings claims for sexual harassment/hostile work environment, gender discrimination, and retaliation in violation of the IHRA and Title VII. Both Illinois federal and state courts analyze and apply the same standard to IHRA and Title VII discrimination and retaliation claims. *See, e.g., Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017); *Volling v. Kurtz Paramedic Servs., Inc.,* 840 F.3d 378, 383 (7th Cir. 2016); *Zaderaka v. Ill. Human Rights Com.*, 545 N.E.2d 684, 687, 131 Ill.2d 172, 178 (Ill. 1989). As such, courts cite to cases discussing Title VII and the IHRA interchangeably. See *Martinez v. Nw. Univ.*, 173 F. Supp. 3d 777, 783–84 (N.D. Ill. 2016).

Title VII "makes it an unlawful employment practice by an employer to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (internal quotations omitted); *see also* 777 ILCS 5/2-102; *Martinez*, 173 F.Supp.3d at 783 (It is also unlawful under the IHRA to discriminate against person because of her sex, and the IHRA prohibits employers from engaging in sexual harassment). Title VII and the IHRA also forbid employers from retaliating against employees for complaining about prohibited discrimination. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016); *Martinez*, 173 F.Supp.3d at 783 (citing 775 ILCS 5/6-101(a)).

**Discussion**

Defendant argues that Plaintiff's complaint should be dismissed, with prejudice, because the complaint, and underlying EEOC/IHRA charge, is nearly identical to the complaint and allegations in *Brooks I*, but contain only boilerplate labels and legal conclusions without setting forth the minimal factual allegations necessary to state a plausible claim.  Plaintiff responds, arguing that the current lawsuit generally covers a different time period than *Brooks I*, and raises continuing or different allegations from those in *Brooks I*.  While that might be true, Plaintiff's complaint fails to articulate any specific factual allegations for the Court's determination apart from thread-bare allegations of Plaintiff's claims.

**Sexual Harassment/Hostile Work Environment Claims**

Counts I and II of the complaint allege sexual harassment/hostile work environment claims.  Sexual harassment is a form of discrimination that Title VII and the IHRA prohibit. *Meritor Sav. Bank, FSB*, 477 U.S. at 65-66.  To establish a prima facie case of sexual harassment, Plaintiff "must show that 1) she was subjected to unwelcome harassment; 2) the harassment was based on her sex; 3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere; and 4) there is a basis for employer liability."  *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007); *Moser v. Indiana Dep't. of Corr.*, 406 F.3d 895, 902 (7th Cir. 2005).  Construing all well-pleaded facts and possible inferences in Plaintiff's favor, Plaintiff has alleged that she was subjected to "physical touching by a male supervisor, Theodore Hamilton", she reported this harassment and discrimination

6

to her supervisors and filed an EEOC charge, but the harassment and discrimination continued (Doc. 1-1, 62-63).  Minimally, these factual allegations satisfy the pleading standards for the first two elements of a sexual harassment/hostile work environment claim, *i.e.* that Brooks was subjected to unwelcome sexual harassment in the form of physical conduct because of her sex.

However, Plaintiff has failed to allege any factual allegations to suggest that the alleged conduct was objectively offensive so to create an abusive or hostile work environment.  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). An environment is "hostile" or "abusive" when it is both objectively and subjectively offensive. *Boumehdi*, 489 F.3d at 788.  Brooks claims she complained about the harassment to managers and filed a prior EEOC complaint, which demonstrates she was subjectively offended by his actions. *See Id.*  Nevertheless, Plaintiff failed to detail any factual allegations to suggest that the actions were objectively offensive.   When determining whether harassment is objectively offensive, the Court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.

It is impossible to determine the context and exact nature of the alleged harassment from Plaintiff's complaint.  Specifically, Plaintiff fails to provide any context for the Court to evaluate the "totality of the circumstances" surrounding the harassment.  The complaint is devoid of any factual details concerning when the harassment occurred, the nature of the harassment itself, the frequency of the harassment, or any other specific

7

details for the Court to discern whether a plausible sexual harassment/hostile work environment claim exists. Accordingly, Counts I and II are dismissed without prejudice for failure to state a claim.

### Gender Discrimination Claims

Counts III and IV of the complaint allege gender discrimination. To establish a prima facie case of gender discrimination, Plaintiff must show that: "(1) she is a member of a protected class; (2) her performance met employer's legitimate expectations; (3) despite this performance, she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside of the protected class more favorably." *Barricks v. Eli Lily & Co.*, 481 F.3d 556, 559 (7th Cir. 2007)). Plaintiff "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, at minimum, plaintiff must allege "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *Tamayo*, 526 F.3d at 1084. Despite this relaxed pleading standard, Plaintiff's complaint fails to state a claim. Specifically, the complaint does not identify *any* adverse employment action and only alleges barebone legal conclusions of gender discrimination. Accordingly, Counts III and IV are dismissed without prejudice for failure to state a claim.

### Retaliation Claims

Counts V, VI, VII, and VIII allege retaliation claims based on Plaintiff's reporting of her sexual harassment/hostile work environment and gender discrimination claims. "To state a claim for retaliation, a plaintiff must allege that "[s]he engaged in statutorily

protected activity and suffered an adverse action as a result of that activity." *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (internal quotations omitted). Plaintiff alleges that she filed a prior EEOC charge and internally reported her harassment and discrimination claims, thereby satisfying the pleading standards for the first element. *See Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740 (7th Cir. 2011) (overruled on other grounds by *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016) (Filing an EEOC charge is "the most obvious form of statutorily protected activity."). However, again, Plaintiff failed to allege any specific action taken by FedEx related to the filing of these claims, and has failed to identify what adverse action, if any, Plaintiff alleges was taken against her. Plaintiff's thread-bare allegations in both her complaint and the attached exhibits simply fail to provide enough detail to give Defendant fair notice of what her claims are, and the grounds upon which they rest. Accordingly, Counts V-VIII of the complaint are also dismissed without prejudice for failure to state a claim.

## DISPOSITION

For the above stated reasons, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**. Plaintiff's Complaint is **DISMISSED, without prejudice**. Plaintiff is granted leave to file an amended complaint. Plaintiff shall file her amended complaint by **May 10, 2021**.

**SO ORDERED.**

Dated: April 19, 2021

---
DAVID W. DUGAN
United States District Judge

9