IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-52-DWD |
| | ) |
| FEDEX SUPPLY CHAIN, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Wendy Brooks brings six counts against Defendant FedEx Supply Chain, Inc. for alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5/1-101, *et seq.* ("IHRA"). Following this Court's dismissal of Plaintiff's First Amended Complaint (Doc. 17), Plaintiff filed her Second Amended Complaint (Doc. 30). Now before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 27; Doc. 29)[1] which Defendant opposes (Doc. 32).

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. As Defendant does not consent to Plaintiff's request, Plaintiff must seek to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2), which allows a party to "amend its pleading only with . . . the court's leave." The mandate that

---

[1] Plaintiff filed two identical motions for leave. The proposed third amended complaint attached to Plaintiff's first motion for leave (Doc. 27-1) did not comply with this District's local rules so the Court directed Plaintiff to submit a new proposed amended complaint (*See* Doc. 28). Plaintiff filed her compliant proposed amended complaint with a renewed motion for leave at Doc. 29.

1

leave to amend "shall be freely given when justice so requires . . . is to be heeded," and if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test her claims on the merit." *Foman v. Davis*, 371 U.S. 178 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). The decision to grant leave to further amend a complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Trib. Co.*, 521 F.3d 686, 698 (7th Cir. 2008).

The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). "[L]eave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim."). *Id.*; *see also Peterson* Steels *v. Seidmon*, 188 F.2d 193, 195 (7th Cir. 1951) ("No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it.").

The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). However, the rule does "not mandate that leave be granted in every case." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (internal citations omitted). Indeed, leave to amend may be denied for several reasons, including undue delay, bad faith, dilatory motive, undue prejudice

2

to the opposing party, and the futility of the amendment. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 697 (7th Cir. 2004); *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, the Court is not convinced that Plaintiff's Motion for Leave rises to undue delay, bad faith, or dilatory motive. However, Defendant's arguments concerning the futility of the proposed amendment requires additional consideration. It is well-settled that the futility of an amended complaint is a proper ground to deny a party leave to amend. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). "An amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously determined;' when it 'fails to state a valid theory of liability;' or when it 'could not withstand a motion to dismiss.'" *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). Defendant argues, in part, that Plaintiff's proposed amendment, and particularly the addition of allegations concerning wage discrimination would be futile because Plaintiff did not raise this issue in her Charge of Discrimination before the IDHR or EEOC. *See, e.g., Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256–257 (7th Cir. 2011) ("Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC" unless the claims are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.") (internal citations omitted).

After reviewing Plaintiff's proposed third amended complaint, the Court finds that amendment of the complaint is appropriate. At this time, the Court cannot say

definitively that the request for leave to amend is futile based on Defendant's potential defense of administrative exhaustion, and the determination of that issue is generally best left for later resolution. *See Peterson* Steels *v. Seidmon*, 188 F.2d 193, 194–95 (7th Cir. 1951) ("As a general rule the court will not pass upon the sufficiency of an amended complaint upon motion for leave to file."); *Austin v. Auto Handling Corp.*, No. 1:18-CV-82-HAB, 2020 WL 1429830, at *4 (N.D. Ind. Mar. 24, 2020) ("The substantive merits of a proposed claim are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment.") (internal citations and markings omitted).

Accordingly, Plaintiff's Motions for Leave to Amend (Docs. 27, 29) are **GRANTED**. Because Defendant's Motion to Dismiss (Doc. 9) is directed at Plaintiff's Second Amended Complaint, the Court **DENIES** the Motion to Dismiss (Doc. 30)**as MOOT, and without prejudice**. Plaintiff is **DIRECTED** to file her Third Amended Complaint by **March 22, 2022**. Defendant shall answer or otherwise respond to the Third Amended Complaint by **April 12, 2022**.

    **SO ORDERED.**

    Dated: March 21, 2022

                                                                          DAVID W. DUGAN
                                                                         United States District Judge